```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

| | |
|---|---|
| VALDEZ N. MAXWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. 3:06-CV-763 |
| | ) |
| SHERIFF ST. JOSEPH COUNTY JAIL, | ) ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus, filed by Valdez N. Maxwell, a *pro se* prisoner. For the reasons set forth below, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

Section 2254 Habeas Corpus Rule 4 provides as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4. Maxwell is challenging his criminal conviction in the St. Joseph County Circuit Court. However, Maxwell has not appealed his conviction to the Indiana Court of Appeals or the Indiana Supreme Court. Section 2254 provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

>   unless it appears that--
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B) (i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Further, the whole of the state process is larger than just the state trial court:

> The [Indiana] Supreme Court shall have exclusive jurisdiction over . . . [s]upervision of the exercise of jurisdiction by other courts of the State of Indiana, including the issuance of writs of mandate and prohibition . . . .

Ind. R. App. P. 4(B).

In this case, Maxwell is plainly not entitled to relief on this federal habeas corpus petition because he has not yet obtained a ruling on the merits of his claims and afforded both the Indiana Court of Appeals and the Indiana Supreme Court the opportunity to review that ruling. Until he has exhausted his state court remedies, these claims may not be raised here.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED: November 20, 2006**          /s/RUDY LOZANO, Judge
                                      **United States District Court**